IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
_______________ DIVISION

RECEIVED
CLERK'S OFFICE
2013 SEP 27 AM 8:4
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

# QUESTIONNAIRE FOR PRISONERS PROCEEDING PRO SE UNDER 42 U.S.C. §1983

Mr. Desi Lee Hyman Jackson #1167372

(GIVE FULL NAME AND PRISON NUMBER OF EACH PLAINTIFF)

Plaintiff(s)

VS.

Georgia Dept. of Corrections,
Telfair state Prison, et. al.

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO. 5 : 13-CV-368 CAR MSH

## I. GENERAL INFORMATION

1. Your full name and prison number Desi Lee Hyman Jackson. #1167372.
2. Name and location of prison where you are now confined Telfair State Prison, 210 Longbridge Road, Helena, GA 31037.
3. Sentence you are now serving (how long?) (30 years serve 12 years).
   - (a) What were you convicted of? Sell/Distribution of Cocaine, case# 11CR12.
   - (b) Name and location of court which imposed sentence Superior Court of Washington County, West Haynes Street, Sandersville, GA 31082.
   - (c) When was sentence imposed? 03/06/2012.
   - (d) Did you appeal your sentence and/or conviction? ☒ Yes ☐ No
   - (e) What was the result of your appeal? Appeal hasn't started yet, contact Charles Randy Sheppard, 706-825-9567
   - (f) Approximate date your sentence will be completed 12/04/2044.

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment? ☑ Yes ☐ No

5. If your answer to question 4. is "Yes," list that lawsuit below, giving the following information: (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

(a) Parties to the previous lawsuit:

Plaintiff(s): Desi Lee Hyman Jackson

Defendant(s): Jacob Beasley, Ira Strickland, Mr. Bell, Mrs. Seacrest and same named defendants herein, #9.

(b) Name of Court: Superior Court of Telfair County

(c) Docket Number: NA, When did you file this lawsuit? NA.

(d) Name of judge assigned to case: NA.

(e) Is this case still pending ☐ Yes ☑ No

(f) If your answer to (e) is "No," when was it disposed of and what were the results? (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?) Clerk Belinda Thomas has not filed the case and I don't know why.

## III. PRESENT CONFINEMENT

6. Where are you now confined? Telfair State Prison, Segregation Bldg. E1-208B

(a) How long have you been at this institution? Since 10/02/2012

(b) Does this institution have a grievance procedure? ☑ Yes ☐ No

(c) If your answer to question 6(b) is "Yes," answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance? ☑ Yes ☐ No

(2) What was the result? It, the grievance was rejected.

(d) What, if anything, have you done to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to. I spoke with several officers such as Mr. Crabb, Mr. Snook while officer Rodriguez was present. The dates are not available but I was at Telfair State Prison.

7. In what other institutions have you been confined? Give dates of entry and exit.

Washington County Jail from 12/6/2011 to 5/17/2012; GD&CP from 5/17/2012 to 7/10/2012; Smith State Prison from 7/10/2012 to 10/02/2012.

## IV. PARTIES TO THIS LAWSUIT

8. List the name and address of each plaintiff in this lawsuit.

Mr. Desi Lee Hyman Jackson, currently housed at: Telfair State Prison, 210 Longbridge Rd., P.O. Box 549, Helena, GA 31037.

9. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

Mr. White, Mr. Wommack, Mr. Davis, Mr. Negron, Mr. Thompson, Mr. Kemp, Mr. G. Delgado, Mr. G. Fruittrail, Mr. Thomas, Mr. Simmons, Mr. Maddox, Mr. Brownlee, Mr. Anderson, Mr. Snook, Mr. Tucker of 1st shift, Mr. Johnson, Mr. Jacob Beasley, Mr. Williams of 2nd shift, Mr. Jones, Mr. Crabb - stocky heavyset, Mr. Toole, Mr. Johnson - skinny dark brown skinned, Mr. Smith, Mr. Nails, Mr. McKenzie are or were prison guards at Telfair State Prison.

## V. STATEMENT OF CLAIM

10. In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them? Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

Do not give any legal argument or cite any cases or statutes at this time; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULE 8 OF THE *FEDERAL RULES OF CIVIL PROCEDURE* REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT! If the court needs additional information from you, you will be notified.

STATEMENT OF CLAIM (CONTINUED)

Where did the incident you are complaining about occur? That is, at what institution or institutions? Telfair State Prison, Helena, GA 31037.

When do you allege this incident took place? Between 10/04/2012 to 9/11/2013.

What happened? (1) All of the aforenamed officers have placed me in handcuffs/restraints without probable cause seizing my person. These incidents happened and occured in Bldg. F1 and Bldg. E1. These officers/guards are employed with GA. Dept. of Corrections. I have been more than cooperative, non violent, non riotous, non belligerent, and well behaved. I have not ~~[illegible]~~ at any time given any of these officers probable cause or a reason to make me become subjected to be seized in my persons. I am offended and my wrist and shoulder were already injured. I am dealing with more pain than usual. While confined to bldg F1 and E1, the aforenamed officers handcuffed me to take showers and exit the showers, go to medical, and or remove other offenders from my cell, and or put me into, or take me out of a cell, or talk to other staff members. (2) On 8/28/2013 Mr. Crabb put me into the shower and while I was not present he searched and seized my property, he admitted to this act and made sarcastically egotistical comments. (3) As mentioned earlier I have not been troublesome, committed an offense, or been the subject of violent activity. These officers/guards did not have probable cause and justifiable reason to restrain me, seize me or my property, futhermore the property Mr. Crabb seized was not contraband or dangerous in any way, it was bought, and he had no reason or probable cause to take it. (4) Mr. Negron made me put on handcuffs and get a haircut when my hair was within the rules and guidelines of the prison, my hair is my property. This ~~[illegible]~~ happened twice, once on 1/18/2013 and on another date within the above stated/written date. (5) Mr. Tucker on 1st shift also took my ink pen and threw it to the ground and did not return it or a replacement, between 6/21/13 to 8/15/2013, in room 237 bldg. F1., he is the young ofc. tucker. (6) There are cameras in bldgs. F1 and E1.

* Attachment *

(#10.) On 7/26/2013, I was unlawfully restrained by Mr. G. Fruittrail in bldg. F1 room 237.; On 7/29/2013, I was unlawfully restrained by Mr. Thomas in bldg. F1 room 237; On 7/31/2013, I was unlawfully restrained by Mr. Delgado and Mr. Thompson in bldg. F1 room 237; On 8/2/2013, I was unlawfully restrained by Mr. Thomas in bldg. F1 room 237; On 8/5/2013, I was unlawfully restrained by Mr. Smith in bldg. F1 room 237; On 8/7/2013, I was unlawfully restrained by Mr. Smith, Mr. Anderson, & Mr. Beasley in bldg. F1 room 237; On 8/12/2013, I was unlawfully restrained by Mr. Smith and Mr. Thompson in bldg. F1 room 237; On 8/14/2013, I was unlawfully restrained by Mr. Snook in bldg. F1 room 237; On 8/15/2013, I was unlawfully restrained by Mr. Snook in bldg. F1 room 237; On 8/16/2013, I was unlawfully restrained by Mr. Thomas and Mr. Thompson in bldg. F1 room 237; On 8/19/2013, I was unlawfully restrained by Mr. Nails in bldg. E1 room 231.; On 8/23/2013, I was unlawfully restrained by Mr. Fruittrail in bldg. E1 room 208.; (DD) On 8/26/2013, I was unlawfully restrained by Mr. Jones, Mr. Anderson, & Mr. Maddox in [illegible] bldg. E1 room 208.; On 8/28/2013, I was unlawfully restrained by Mr. McKenzie & Mr. Crabb in bldg. E1 room 208. Mr. Crabb searched my property and seized an item he admitted to it, I was not present during his search and seizure; On 8/30/2013, I was unlawfully restrained by Mr. Anderson in bldg. E1 room 208.; On 9/2/2013, I was unlawfully restrained by Mr. Crabb & Mr. Toole in bldg. E1 room 208. A search was also conducted of my property while I was not present by one of the two named officers for the date of 9/2/2013.; (DD) On 9/4/2013, I was unlawfully restrained by Mr. Davis in bldg. E1 room 208; On 9/6/2013, I was unlawfully restrained by Mr. Maddox in bldg. E1 room 208.; On 9/9/2013, I was unlawfully restrained by Mr. Johnson in bldg. E1 room 208; On 9/11/2013, I was unlawfully restrained by Mr. Jones in bldg. E1 room 208.;

The other named defendants/officers unlawfully restrained me in bldg. F1 in between the dates of 10/04/2012 to 02/18/2013, and 6/21/2013 to 8/16/2013. Mr. Crabb stated out of his own mouth that he did not have probable cause to restrain me but he is going to do it anyway. I then asked him dont you need probable cause? I also asked several other officers the same question about probable cause. These officers include Mr. White, Mr. Wommack, Mr. Brownlee, Mr. Snook, Mr. Davis, Mr. Tucker, Mr. Thomas, Mr. Thompson, and Mr. Negron.

11. List the name and address of every person you believe was a witness to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

Christopher Curtis, Wesley Johnson, Phamethius Simmons, Benny Frank Durham, Corey Coleman, Frank Douse, Seantavious Stanley, Terrance Maddox, and Micheal Shane Mickler are or were inmates at Telfair state Prison in Helena Georgia. All of these individuals know about and witnessed me get handcuffed, by one of more of these officers named herein.

12. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

I'm requesting 30 million U.S. dollars, credits, currencies, bills, tenders, certificates, funds, and or property in the value of the 30 million U.S. dollars and equivalent amount. I am also requesting that liability for these faults, actions, or inactions rest upon the defendants in [redacted] thier capacity as well as the GA. Dept. of Corrections. I requests that all costs, fees arising out of preparing, mailing, submitting this action / claim rest upon the defendants as well as filing fees, cost for court, attorney fees, medical treatments and prescriptions. This court should sit as Nisi prius and per curiam.

13. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

14. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the *Federal Rules of Civil Procedure*.

Signed this 11th day of September, 20 13.

Desi Jackson, prose.
PLAINTIFF
Desi Lee Hyman Jackson, prose.

* Attachment *

#II.1 Phamethius was present when officer Negron handcuffed me and made me get a haircut on one occassion. All of these witnesses were in the same cell as I was when I got handcuffed without probable cause. Frank Douse was present when Officer Williams on 2nd shift handcuffed me to release him.

#II I also request that judgement be entered in my favor. I also request that any unanswered claim be entered in my favor for judgement. I now order for summary judgement.

Philadelphia Inquirer,
Desi Jackson
DesiLee Hymon Jackson
Prose.
9/11/2013

(#13)

U.S. District Court
Middle District of Georgia

Desi Lee Hyman Jackson, prose
#1167372
Vs.
Georgia Department of Corrections,
Telfair State Prison, et. al.

## Brief.

• 1) Standard Operating Procedure IIB08-0001 became effective 12/15/2009 and the overseeing authority is or was Owens/Hodges. On page 4 of 13 in the (SOP) Standard Operating Procedure, it is stated that: restraints may be used routinely during the movement of potentially violent or unruly inmates/probationers or during movement outside the facility/center. The use of restraints equipment is also designed to prevent the committing of an offense by violent or unruly inmates/probationers. In the latter case, restraint equipment may be necessary to regain and maintain control of the inmate/probationer or inmates/probationers involved. (SOP IIB08-0001, pg. 4, use of restraints.)

• 2) The 4th amendment of the U.S. constitution guarantees citizens the right to be secure in their person against unreasonable seizures.

• 3) A law enforcement officer's qualified immunity in civil rights cases embodies a reasonableness standard.

• 4) The standard of reasonableness for purposes of qualified immunity is distinct from the standard of reasonableness embodied in the 4th amendment.

• 5) Immunity depends on whether the law was clearly established at the time of the incident, the officer's conduct, and the circumstance and facts involved and that are present at the time of the incident. The question must be taken in light most favorable to the party asserting the claim or injury.

(#13)

• 6) For the purposes of the 4th amendment, there is no per se rule that pointing guns at people or handcuffing them constitutes an arrest. But the use of guns and handcuffs must be justified by the circumstances. Moreover, a court must look at the intrusiveness of all aspects of the incident in the aggregate. For instance adding up the use of guns and handcuffs and the length of the detention, may show a very ~~sub~~ substantional invasion of the plaintiff's personal security. (DJ)

• 7) Under ordinary circumstances, when the police have only reasonable suspicion to make an investigatory stop, drawing weapons and using handcuffs and other restraints will violate the 4th amendment.

• 8) California has rejected the "Monell" rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune. Cal. Govt. Code § 815.2.

• 9) Public employees are similarly not entitled to immunity in suits for false arrest or false ~~improvement~~ imprisonment. Cal. Gov't. Code § 820.4.

• 10) The circumstances and facts known to the officers at the particular time did not give them reasonable or probable cause to use restraints on me, and can not be justified.

• 11) The law at this time is and was clearly established and thus none of the defendants shall or can prevail on the defenses of immunity.

• 12) My hair is my property and my person and thus It can not be seized or searched without a warrant.

• 13) Depriving someone of their person, property, privacy, and or effects is a violation of the 4th amendment.

• 14) The SOP is used by the Georgia Department of Corrections and Telfair State Prison

* 15) I now move for and order Summary Judgement to be rendered and entered in my favor.

I Am

A U.S. Citizen;
Desi Jackson
Desi Lee Hyman Jackson, prose.
9/19/2013

(#13) ) Brief, Pg. 2 of 2, (DJ), 9/19/2013

Case 5:13-cv-00368-CAR-MSH Document 1 Filed 09/27/13 Page 10 of 12

(#13)

U.S. District Court
Middle District of Georgia

Desi Lee Hyman Jackson, prose
#1167372
Vs.
Georgia Department of Corrections, Telfair State Prison, et. al.

Brief.

• 1) For the definition of the word "arrest" the Georgia Court of Appeals stated an arrest is the taking, seizing, or detaining of the person of another either by touching or putting hands on him/her, or by any act indicating an intention to take such person into custody and subjects the person who is arrested or being arrested to the actual control and will of the person making the arrest. See Daniel's, Georgia Criminal Trial Practice, pg. 4, 2007-2008 edition, §2-2.

• 2) Blackstone defined an arrest as the apprehending or restraining of one's person in order to be forthcoming to answer an alleged or suspected crime. See Blackstone Commentaries on the "laws of England," 1769 rpt. Boston Beacon Press 1962, IV 289.

• 3) All of the named individuals did and have put me in handcuff restraints to take me to another point, they used handcuff restraints without probable cause also. This taking could be considered seizing, arresting, detaining, and or kidnapping.

• 4) O.C.G.A. §17-4-20 states a officer has a right to arrest with or without a warrant under 5 circumstances and instances: 1) An offense is committed or about to be committed in the officers presence or within his/her immediate knowledge.; 2) The offender is endeavoring or attempting to escape.; 3) The officer has probable cause to believe an act of family violence has been committed.; 4) For any other cause a officer believes there may be a failure of justice to occur from the want of a duly authorized officer to issue a warrant.; and 5) The officer has probable cause to believe that an offense involving physical abuse has been committed to a vulnerable person who is unable to protect themself from physical or mental abuse. In the absence of 1 of the 5 instances an officer generally has no right to arrest for a violation of a municipal ordinance or misdemeanor unless the officer has a warrant at the time of the attempted arrest.

• 5) None of the instances or circumstances mentioned in #4 were present, consistent, or pertinant to the named individuals use of restraints, at the particular time of the incidents.

(#13) (DJ)

• 6) At the time the named defendants used handcuffs to restrain me, I wasn't trying to ~~escape~~ escape, I wasn't committing a crime of any kind, I also did not have any warrants. It shall also be inferred that I was not about to commit a crime, I also was not abusing a physically or mentally impaired person, or abusing anyone at all, prior to and after the named defendants used restraints on me unlawfully. I do not have any violent charges as well.

• 7) The 4th amendment requires that there must be probable cause to believe that a suspect has violated the law, or is violating the law in the officers presence to have a valid arrest, seizure, detention, search, and or (TCO) Temporary Custody Order. An arrest or any of the aforementioned shall be upheld by probable cause.

• 8) An arrest without probable cause violates the 4th amendment and gives rise and reason for cause of action to file a suit for injuries, damages, or negligence under 42 U.S.C. §1983. See Lee v City of Los Angeles, 250 F3d 668 (9th circuit 2001)

• 9) In an opinion by Judge, now Chief Justice Benham, the court of appeals stated that there are 3 kinds of police - citizen encounters: 1) Verbal encounters which involves no coercions or detentions. 2) brief stops and seizures which must be accompanied by reasonable and rational suspicion.; and 3) Arrests that must be supported by probable cause. See Miranda v State, 189 Ga. App. 218, 219, 375 S.E. 2d 295 (1988).

• 10) Citing From 13 LEDad 142, 379 US 89, Beck v Ohio. (1964): ...On Certiorari the U.S. Supreme Court reversed. In an opinion by Justice Stewart expressing the views of 6 members of the court, it was held that 1) the record did not support a finding of probable cause for defendants arrest...

<Pg. 143> Whether an arrest without warrant is constitutionally valid depends upon whether, at the moment the arrest was made, the officer had probable cause to make it, that is, whether at that moment the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.

Case 5:13-cv-00368-CAR-MSH Document 1 Filed 09/27/13 Page 12 of 12

For the purposes of U.S. Supreme court review of state court decisions, a [redacted] recital of facts in an appellate opinion is not the equivalent of findings made by the trier of [redacted] the facts.

whether or not the requirements of reliability and particularity of the information on which an officer may act are more stringent where an arrest warrant is absent, they cannot be less stringent than where an arrest warrant is obtained, since otherwise a principal incentive for the procurement of [redacted] arrest warrants would be destroyed.

where the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the arresting officer at the moment of the arrest would warrant a man of reasonable caution in the belief that an offense has been committed.

<pg.144> In determining the constitutional validity of an arrest without warrant, the arresting officer's knowledge of the suspect's physical appearance and previous record is neither inadmissible nor entirely irrelevant upon the issue of probable cause; but knowledge of either or both of these facts does not constitute probable cause.

Good faith on the part of an arresting officer is not suffient to establish the validity of an arrest without warrant.

The Supreme Court of Ohio granted certiorari for the petitioner "Beck", <pg.145> under the rule of Mapp v Ohio, 367 U.S. 643, 6 L ed 2d 1081, 81 S. Ct. 1684, 84 ALR 2d 933.

• 1) See Brinegar v U.S. 338 US 176, 93 L. ed. 1841 for more information and support on probable cause.

• 2) I state and allege the claims of: [redacted] Kidnapping, unlawful use of restraints, and illegal seizure. All and any documents filed and [redacted] submitted in reference to the foregoing shall be amended and conjoined with the foregoing to show and prove these allegations in part or in whole. All the facts have been made known and I order summary judgement and I feel this case shall be proper by submission without trial, jury, or oral arguments. If any of the proceedings are deemed necessary or unnecessary please show and prove causes and reasons.

I AM

A U.S. Citizen,
Desi Jackson
Desi Lee Hyman Jackson
9/20/2013