IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DESI LEE HYMAN JACKSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:13-CV-368 (CAR) |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS, TELFAIR STATE** | : | |
| **PRISON,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Desi Lee Hyman Jackson's Motion for Reconsideration [Doc. 13] of this Court's Order dismissing Defendant Georgia Department of Corrections (the "GDOC") and transferring this case to the Southern District of Georgia based on improper venue.[1] Specifically, Plaintiff contends the Court erred in holding the Eleventh Amendment bars suit against the GDOC.

Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly.[2] Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been

---

[1] In his Motion, Plaintiff asks the Court to reconsider its ruling in Part B of the Order. In the referenced section, the Court dismissed both Telfair State Prison and the GDOC from this lawsuit. Plaintiff's Motion addresses the ruling only as it relates to the GDOC. Therefore, the Court limits its discussion accordingly.

[2] *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).

discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[3]

Here, Plaintiff's Motion fails to meet any of the standards discussed above. Contrary to Plaintiff's assertions, the GDOC cannot be held liable under a theory of *respondeat superior* liability for the acts of its employees.  "[T]here is no *respondeat superior* liability under § 1983."[4]  Moreover, the GDOC cannot be held liable for enacting unconstitutional policies under the authority of *Monell v. Department of Social Services of the City of New York*[5] because *Monell* applies to municipalities and local governments, not state agencies like the GDOC.[6]

Based on the foregoing, Plaintiff's Motion for Reconsideration [Doc. 13] is **DENIED**.

**SO ORDERED**, this 28th day of April, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/bbp

---

[3] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).
[4] *Twilley v. Riley*, 285 F. App'x 717, 719 (11th Cir. 2008) (italics added).
[5] 436 U.S. 658, 690-91 (1978).
[6] *See Mayes v. Issac*, 294 F. App'x 137, 139 (5th Cir. 2008) ("[The plaintiff's] reliance on [*Monell*] is misplaced because *Monell* concerned a suit against a municipality, and in no way suggests that state agencies are subject to suit in federal court.").